IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM THOMAS DAVIS,

      Petitioner,

v.                            Civil Action No. 5:09CV34
                            (Criminal Action No. 5:08CR21)
UNITED STATES OF AMERICA,           (STAMP)

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE;
GRANTING THE PETITIONER THE RIGHT TO APPEAL
THE JULY 2, 2008 JUDGEMENT;
DENYING AS MOOT THE PETITIONER'S LETTER
MOTION REQUESTING COPIES OF DOCUMENTS;
DENYING AS MOOT THE PETITIONER'S MOTION FOR DISCOVERY;
DENYING AS MOOT THE PETITIONER'S REQUEST FOR
SPECIFIC PERFORMANCE OF HIS PLEA AGREEMENT;
AND DENYING AS MOOT THE PETITIONER'S
MOTION TO COMPEL THE COURT TO RULE**


I.  Background

Currently pending before this Court is the report and
recommendation by Magistrate Judge John S. Kaull on the disposition
of the petition of William Thomas Davis ("Davis") to vacate, set
aside or correct a sentence by a person in federal custody pursuant
to 28 U.S.C. § 2255. The petitioner, who is appearing pro se,[1]
seeks to have his sentence vacated, set aside or corrected because,
he contends, the government breached the plea agreement and because

---

[1]"Pro se" describes a person who represents himself in a court
proceeding without the assistance of a lawyer. Black's Law
Dictionary 1341 (9th ed. 2009).

he received ineffective assistance of counsel during the prosecution of his case.

On April 2, 2008, the petitioner signed an amended plea agreement by which he agreed to waive the right to have his case presented to a federal grand jury and pled guilty to Count One of the information, charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). That same day, the petitioner entered his plea of guilty in open court. During the plea hearing, the petitioner advised the Court that he understood and agreed with all the terms and conditions of the amended plea agreement, including the waiver of appellate and post-conviction rights. The Court advised the petitioner that he waived his right to seek post-conviction relief except for certain claims such as ineffective assistance of counsel, a sentence above the statutory maximum, and a sentence for an unconstitutionally impermissible purpose. The Court advised the petitioner of the maximum potential sentence he faced -- ten years of incarceration followed by a period of supervised release not to exceed three years -- and explained that no one could know the exact sentence until the United States Probation Officer prepared the presentence report ("PSR"). The petitioner said that he understood. The Court discussed the concept of relevant conduct and advised the petitioner that when calculating his sentence, it could take into account any conduct, circumstances, or injuries relevant to his

crime. The petitioner further testified that he understood that his sentence could be enhanced if it was later determined that he had certain prior convictions, including any crime of violence.

The Court then explained the rights the petitioner was giving up by pleading guilty and the government presented the testimony of James E. Sirbaugh, Special Agent with the Bureau of Alcohol, Tobacco and Firearms, to establish a factual basis for the plea. The petitioner did not contest the factual basis of the plea.

After the government presented the factual basis of the plea, the petitioner pled guilty to Count One of the information. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. The petitioner stated he was guilty of the crime to which he was pleading guilty. Finally, the petitioner testified that his attorney adequately represented him and that his attorney had left nothing undone. He stated that he understood that no one could know what his exact sentence would be until the PSR was prepared.

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime had been established beyond a reasonable doubt. The petitioner did not object to the Court's finding. On July 1, 2008, the petitioner appeared before the Court for

sentencing. The Court sentenced the petitioner to a term of 180 months of imprisonment. The petitioner did not pursue a direct appeal.

Subsequently, the petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The petition asserts that the government breached the plea agreement and that his counsel was ineffective. Specifically, the petitioner claims that his counsel: (1) failed to prevent the miscarriage of justice that occurred when the plea agreement was revised just before the plea hearing, leaving the petitioner with little time to review it; (2) failed to fully investigate the petitioner's predicate offenses for the Armed Career Criminal ("ACC") enhancement and was therefore unprepared and ineffective at sentencing; (3) failed to object when the petitioner received a fifteen year sentence after being promised that the maximum sentence he could receive was ten years; (4) failed to object to the miscarriage of justice that occurred when the petitioner's plea was rendered involuntarily by the government's breach of the plea agreement; (5) failed to argue for a downward departure based upon the petitioner's substantial assistance; and (6) failed to file a notice of appeal after promising to do so.

The government filed a response, arguing that defense counsel was not deficient or ineffective, the record does not reflect that the petitioner ever requested that his counsel file an appeal on

his behalf, and the petitioner's due process rights were not violated by receiving the ACC enhancement. In his reply, the petitioner reiterates his previous claims and seeks to refute the government's arguments.

The petitioner then filed a supplement to his § 2255 petition offering new information in support of his earlier claims, including a recent United States Court of Appeals for the Fifth Circuit case and a letter from the Assistant United States Attorney ("AUSA") regarding the petitioner's assistance to authorities. Responding to the petitioner's supplemental motion, the government argues that the caselaw cited by the petitioner is inapplicable and the letter from the AUSA does not prove that the petitioner actually rendered substantial assistance. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this case was referred to United States Magistrate Judge John S. Kaull for a report and recommendation the on disposition of this matter.

On September 23, 2009, the petitioner filed a letter motion requesting copies of all documents that include his name, pursuant to the Freedom of Information Act. Then on June 23, 2010, the petitioner filed a motion for discovery requesting documents from the United States Attorney's office. Finally, on February 7, 2011, the petitioner filed a motion to compel the Court to rule on his § 2255 petition. All of these motions must now be denied as moot.

Magistrate Judge Kaull issued his report on August 24, 2010, recommending that this Court deny the petitioner's § 2255 petition in all respects except for the claim of ineffective assistance of counsel based on the allegation that the petitioner requested that his attorney file an appeal and his counsel ignored or refused his instructions.[2] The magistrate judge informed the parties that if they objected to any portion of his recommendation, they may file written objections within fourteen (14) days after being served with a copy of the recommendation. After requesting an extension of time to file objections, which this Court granted, the petitioner filed a reply to the magistrate judge's report and recommendation. This Court construes this reply as objections. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the petitioner's objections and affirm and adopt the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

---

[2]Although the petitioner knowingly, intelligently, and voluntarily waived his right to collateral attack, ineffective assistance of counsel claims were exempt from this waiver.

unless they are "clearly erroneous." <u>See</u> <u>Webb v. Califano</u>, 468 F.

Supp. 825 (E.D. Cal. 1979).  Because the petitioner filed timely

objections, this Court reviews <u>de novo</u> the magistrate judge's

report and recommendation.

### III.  <u>Discussion</u>

A.  <u>Waiver of Right to File § 2255 Collateral Attack</u>

The petitioner's first argument for vacating his sentence is

that the government breached the plea agreement by seeking a

sentence that exceeded the statutory maximum set forth in the plea

agreement.  This claim is without merit because the petitioner

knowingly, voluntarily, and intelligently entered into a plea

agreement in which he affirmatively waived both his right to appeal

and his right to raise collateral challenges.

A defendant who enters into a plea agreement that contains a

waiver of the right to collaterally attack a sentence is valid if

the defendant knowingly and voluntarily waived those rights as part

of the plea agreement.  <u>United States v. Lemaster</u>, 403 F.3d 216,

220 (4th Cir. 2005).  Thus, in evaluating the validity of the

petitioner's collateral challenge to his sentence under § 2255,

this Court must determine whether the petitioner met the <u>Lemaster</u>

criteria.  In other words, did he knowingly, intelligently, and

voluntarily waive the right to collaterally challenge his sentence.

To determine the validity of a waiver of collateral attack rights

in a plea agreement, a court must examine the language of the

waiver provision, the plea agreement as a whole, the plea colloquy, and the defendant's ability to understand the proceedings. <u>United States v. Blick</u>, 408 F.3d 162 (4th Cir. 2005).

This Court finds that the petitioner entered into a valid collateral attacks waiver. Based upon the waiver provision itself, the plea agreement as a whole, and the Rule 11 colloquy, this Court finds that the petitioner knowingly, intelligently, and voluntarily waived his right to seek post-conviction relief, except for claims of ineffective assistance of counsel, sentence above a statutory maximum, and sentence for an unconstitutionally impermissible purpose.

The petitioner alleges that the government breached the plea agreement by seeking a sentence that exceeded ten years, the statutory maximum set forth in the plea agreement.[3] However, a person with three qualifying prior convictions referred to in § 922(g)(1) is subject to a mandatory minimum term of imprisonment of fifteen years. The petitioner's plea agreement contemplates this potential enhanced penalty when it states that the petitioner's base offense level would be determined based upon his prior felony convictions and whether any of them were qualifying crimes of violence. As reflected in his PSR, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1), the petitioner's criminal history

---

[3]The plea agreement reflects the maximum period of incarceration for the statute of conviction, 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

qualified him as an ACC and subjected him to the mandatory minimum sentence of fifteen years imprisonment. At sentencing, the Court applied the information concerning the petitioner's criminal history (as had been explained in the plea agreement), which resulted in a mandatory minimum sentence of fifteen years.

This Court agrees that the petitioner has failed to present evidence to prove that the government breached the plea agreement by seeking a sentence that exceeded ten years. Even if facts existed to support the petitioner's contention that the government had breached the plea agreement, this post-conviction claim would not be cognizable in a motion pursuant to § 2255 because it was waived. Thus, the petitioner's claim that the government breached the plea agreement must be denied.

B.  Ineffective Assistance of Counsel

1.  Revision of the Plea Agreement

The petitioner alleges that his counsel was ineffective at the plea hearing for failing to prevent the miscarriage of justice that occurred when the plea agreement was revised just before the hearing began and the petitioner was not given sufficient time to review it. According to the petitioner, the amended plea agreement did not specifically mention an ACC enhancement and his attorney should have explained to him the consequences of an ACC classification. The petitioner argues that his lack of

understanding regarding the plea agreement renders his plea involuntary.

The magistrate judge recommended that this claim be denied because the petitioner did not prove that counsel's performance was unreasonable. The magistrate judge also found that the petitioner failed to offer any evidence that could be considered prejudicial. In his objections, the petitioner claims that because there was no mention of an ACC enhancement during the Rule 11 colloquy or in the plea agreement, any reasonable person would conclude that the petitioner's maximum sentence would not exceed ten years.

This Court, upon de novo review of the record and pleadings relating to that portion of the report and recommendation on the petitioner's allegations of ineffective assistance of counsel regarding the revision of the plea agreement, concludes that the petitioner's claim must fail.

The United States Supreme Court decision in Strickland v. Washington provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). The deficiency of counsel's

performance is measured against an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687. Thus, the petitioner must show that his counsel's performance was objectively deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury. Absent clear and convincing evidence, statements made under oath expressly stating satisfaction with counsel are binding. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74–75 (1977). A petitioner such as Davis who alleges ineffective assistance of counsel after entering a guilty plea has a high burden of proof.

The magistrate judge observed that at the plea colloquy, the terms of the plea were summarized; the petitioner testified that he fully understood the consequences of his plea; that he had no corrections or additions to the factual basis for the plea; and that his attorney had adequately and effectively represented him and had left nothing undone. Although the petitioner alleges that he was not aware of his classification as an ACC until he read the presentence report, the record refutes this claim. At the plea hearing on April 2, 2008, the AUSA summarized the amended plea agreement and explained the revision, stating that it was amended to reflect a prior conviction for a crime of violence. In the Rule 11 colloquy, the petitioner confirmed that he understood this

11

change.  Additionally, because the petitioner admitted under oath at his plea hearing that he was satisfied with his attorney's performance, he must meet the high burden of showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.  The petitioner has failed to meet this burden.

In his objections, the petitioner reiterates that he had no way of knowing that he was receiving an ACC enhancement and that his counsel failed to properly advise him.  However, the petitioner admitted on multiple occasions during the Rule 11 hearing that he understood that a specific sentence was unknown at that time.  The petitioner does not show how his counsel's performance fell below an objective standard of reasonableness or how the outcome would have changed as is required by Strickland.  Given the fact that the petitioner received a sentence at the lowest end of the Guidelines range, he cannot establish prejudice based upon sentencing. Therefore, this claim must be denied.

2.  Investigation of Predicate Offenses for ACC Enhancement

The petitioner claims that counsel performed an inadequate investigation into his criminal history, failing to compile pertinent information on the predicate offenses to support an argument at sentencing.  Specifically, the petitioner alleges that counsel did not request certain transcripts from the Circuit Court

in Ohio County, West Virginia and that he should have argued for the consolidation of the petitioner's prior burglaries into one offense.

Defense counsel has a duty to conduct a pretrial investigation that is "[reasonable] under prevailing professional norms." Strickland, 466 U.S. 668, 688 (1984). A decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691; see also Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). "In considering claims of ineffective assistance of counsel, we address not what is prudent or inappropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794 (1987) (quoting United States v. Cronic, 466 U.S. 648, 665 n.38 (1984)) (internal quotations omitted). In reviewing the deficiency prong in claims of ineffective assistance of counsel, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 689-90.

In this case, upon receipt of the PSR, counsel immediately attempted to investigate the petitioner's prior crimes. Counsel

13

sent a letter to the Clerk of the Circuit Court of Ohio County and presented four objections contesting the petitioner's status as an ACC at the petitioner's sentencing hearing. Although the Court did not accept defense counsel's argument, this Court agrees with the magistrate judge's finding that this fact alone does not render his performance ineffective. Further, the petitioner seems to acknowledge that he failed to fully apprise his counsel of the details of his complex and extensive criminal history, which could have prevented any delay in ascertaining the applicability of the ACC enhancement. This Court agrees with the magistrate judge that the petitioner has not demonstrated that counsel either failed to investigate or was deficient in any manner prior to the Rule 11 hearing. Rather, the petitioner's belief that counsel did a good job representing him, as expressed under oath during the Rule 11 colloquy, cuts against the petitioner's ineffective assistance of counsel argument. Notably, in his objections, the petitioner does not even attempt to argue that his failure to investigate argument will prevail. Instead, the petitioner simply claims that his counsel's argument was weak, meek, and extremely brief. The petitioner does not allege that but for counsel's errors, he would not have pled guilty and would have insisted upon going to trial. Thus, this claim must be denied.

3.  <u>Failure to Object to Fifteen Year Sentence</u>

The petitioner alleges that his counsel's representation was ineffective at the sentencing hearing because defense counsel permitted his sentence to be unconstitutionally enhanced by consideration of prior felony convictions that determined him to be an ACC.  This Court agrees that the petitioner's claim is not supported by the record.  The plea agreement specifically states that the calculation of the petitioner's base offense level would depend upon whether any of his prior felony convictions constitute crimes of violence.  At the plea hearing, the petitioner testified in open court that he had reviewed the plea agreement, that he understood it, that no one could predict the length of his sentence until the PSR was completed, and that his attorney adequately and effectively represented him.

The petitioner's plea agreement stipulated that this base offense level would be determined based upon his prior felony convictions and whether any of them were qualifying crimes of violence.  As reflected in the PSR, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(e)(1), the petitioner's criminal history qualified him as an ACC with an enhanced penalty, giving him a Guidelines range of fifteen years to life imprisonment and subjecting him to the mandatory minimum sentence of fifteen years imprisonment.  The sentence the petitioner received was fifteen years imprisonment.  In his objections, the petitioner argues that

15

he first became aware of the statutory minimum of fifteen years when he read his PSR, and consequently, his guilty plea became involuntary because he was unaware of all of its direct consequences. However, the petitioner acknowledged at the beginning of his sentencing that he had received and reviewed his PSR with his attorney. The petitioner must have known of the enhancement for being an ACC prior to sentencing, as it was clearly described in the PSR.

Although the petitioner argues that his attorney failed to object to the Court's decision to enhance his sentence, the hearing transcript reveals that counsel did, in fact, argue that the ACC enhancement should not be applied. As such, this Court agrees that there is no basis for finding any deficiency on the part of counsel. Because the petitioner has failed to prove either prong of the <u>Strickland</u> analysis and has not sustained his burden under <u>Hill</u>, this Court finds that this claim must be denied.

4. <u>Failure to Object to Government's Breach of Plea Agreement</u>

The petitioner contends that his plea was rendered involuntary and unknowing when the government breached the plea agreement by not giving him the ten-year sentence he expected, but instead permitting him to be sentenced to a mandatory minimum of fifteen years.

In interpreting plea agreements, the Court draws upon contract law as a guide to ensure that the parties receive the benefit of their bargain. United States v. Squirrel, 588 F.3d 207, 217 (4th Cir. 2009). "Applying standard contract law, we enforce a plea agreement's plain language in its ordinary sense, and do not write the contracts of the parties retroactively, but merely construe the terms of the contract the parties have previously signed." Id. (quoting United States v. Jordan, 509 F.3d 191, 195-96 (4th Cir. 2007)).

Contrary to the petitioner's argument, his plea agreement makes no promise of a ten-year sentence. Although the plea agreement specifies that the maximum sentence for the felon in possession of a firearm charge is ten years, it goes on to explain that the petitioner's base offense level would be determined with reference to his prior felony convictions and would depend on whether any of those constituted crimes of violence.[4] Again, the Court explained to the petitioner at the Rule 11 hearing that he might be exposed to a higher sentence if the investigation into his criminal record revealed crimes of violence. This Court agrees

---

[4]Because the Court was legally required to sentence the petitioner to a mandatory minimum sentence of fifteen years, see 18 U.S.C. § 924(e)(1), specific performance of his plea agreement with the government, providing for a maximum sentence of ten years, is beyond the power of this Court. King v. United States, 214 F. Supp. 2d 669, 672 n. 7 (E.D. Va. 2002). Thus, the petitioner's request for specific performance of his plea agreement must be denied.

that because there was never a promise of a ten-year sentence, no breach of the plea agreement occurred. Thus, the petitioner's plea cannot be considered unknowing and involuntary and there was no miscarriage of justice to which counsel could object. The petitioner has failed to show that his counsel's performance was defective or prejudicial, nor has he argued that had he been informed of the fifteen-year mandatory minimum sentence he would have proceeded to trial. As such, this claim must be denied.

    5.  <u>Failure to Argue for Downward Departure</u>

    The petitioner claims that counsel was ineffective because he failed to prompt the AUSA to move for a downward departure pursuant to § 5K1.1 for providing substantial assistance to authorities. In support of his claim that he provided substantial assistance, the petitioner attaches a letter from the AUSA to defense counsel which states that the AUSA is pleased with the petitioner's willingness to cooperate and provide information.

    United States Sentencing Guidelines § 5K1.1 provides: "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1. As stated in the Guidelines, a motion under § 5K1.1 for a downward departure can only be made by the government after assistance has been rendered

and evaluated by the government.  See <u>United States v. Chavez</u>, 902 F.2d 259, 267 (4th Cir. 1990).

In this case, the petitioner never actually rendered any assistance.  Despite the petitioner's willingness to provide investigative assistance, law enforcement did not accept the petitioner's offer.  Mere willingness to provide assistance is not the same as actually providing assistance, and since the motion must be made by the government, defense counsel cannot be considered ineffective for not making it.  For these reasons, this Court finds that this claim must be denied.

6.  <u>Failure to File Notice of Appeal</u>

Finally, the petitioner asserts that although he requested that his counsel file a notice of appeal, his counsel did not do so.  The government argues that the record does not reflect any request by the petitioner that his counsel file a notice of appeal, but the government also concedes that it is unaware of any conversations that the petitioner and his counsel may have had regarding an appeal.  The government suggests that an evidentiary hearing be held on the issue if the Court believes that the petitioner's claim is legitimate.

In cases such as this, an evidentiary hearing should be held to determine whether the petitioner instructed his attorney to file a notice of appeal or, if his attorney was not so instructed, the court will determine if the petitioner met his burden of showing:

(1) his attorney had a duty to consult under <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000); (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. <u>United States v. Poindexter</u>, 492 F.3d 263, 273 (4th Cir. 2007).

Failure by a criminal defense attorney to file a notice of appeal when a client has requested such action results in a deprivation of the defendant's Sixth Amendment right to the assistance of counsel, irrespective of the likelihood of success on appeal. <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993). "Counsel performs in a professional unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." <u>Roe</u>, 528 U.S. at 478. In this case, the petitioner's motion and the government's response do not conclusively establish whether the petitioner is entitled to relief on this claim. Given this ambiguity, the magistrate judge found that an evidentiary hearing was necessary to determine whether the petitioner requested that his attorney file an appeal and whether counsel ignored or refused such instructions.

In his report and recommendation, the magistrate judge scheduled an evidentiary hearing for November 5, 2010. However, there is no indication that this evidentiary hearing was ever held. This Court has been advised that the petitioner's counsel, John R. Yeager, Jr., died on June 20, 2010. Thus, it is unlikely that an

evidentiary hearing at this time would produce any definitive evidence to prove whether the petitioner's counsel ignored or refused the petitioner's instructions to file an appeal. There is no evidence in the record to suggest that the petitioner requested that his counsel file a notice of appeal, but because his counsel is not available to testify, this Court finds it appropriate to grant the petitioner the right to appeal his July 2, 2008 judgment. The petitioner must file a notice of appeal with this Court within fourteen (14) days after the entry of this opinion. <u>See</u> Fed. R. App. P. 4(b)(1)(A). Thus, under these unusual circumstances, the petitioner's claim of ineffective assistance of counsel based upon the failure to file a notice of appeal is granted.

## IV. <u>Conclusion</u>

For the reasons stated above, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE in all respects except for the claim of ineffective assistance of counsel based on the allegation that the petitioner requested that his attorney file an appeal and his counsel ignored or refused his instructions. The petitioner may appeal the judgment of July 2, 2008 within fourteen (14) days after the entry of this opinion. The petitioner's letter motion requesting copies of all documents including his name, his motion

for discovery, his request for specific performance of his plea agreement, and his motion to compel the court to rule shall be DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty (60) days after the date that the judgment order in this case is entered. <u>See</u> Fed. R. App. P. 4(a)(1).

This Court finds that it is inappropriate to issue a certificate of appealability as to the other claims. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." <u>See</u> 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability as to the other claims.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     February 22, 2011

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE